Milligan, J.,
delivered tbe opinion of tbe court:
This is an action instituted to recover a balance due tbe claimant on account of bay sold and delivered on a written *525 contract, made and entered into by and between Captain D. O. DeWolf, assistant quartermaster, acting for and on bebalf of tbe United States, and the claimant.
The essential facts of the case are briefly as follows: By the contract one thousand tons of good, heavy, pressed timothy hay, (or more if required,) were to be delivered by the plaintiff on the Ohio Biver, at points between the city of Louisville and Bising Sun, Indiana, at thirty-three dollars and fifty cents per ton. The contract price appears subsequently to have been raised by the quartermaster, from $33 50 to $34 per ton; but no sufficient authority or necessity is perceived for this alteration; and we feel bound to treat the whole transaction as resting on the original contract.
The proof establishes beyond controversy the delivery of 1,279 and a fraction tons of hay on the Ohio Biver, between the points of delivery designated in the contract, in-good merchantable condition, which were received on board the United States barges and transported to Louisville.
The claimant admits in his petition the receipt of $40,360 56, and claims the sum of $6,904 38 is still due.
On the 15th of August, 1865, it appears that $12,680 98 were paid by DeWolf, the quartermaster, to one Lemuel Bledsoe, who, without authority from the claimant, receipted to the quartermaster in full. This sum of $12,680 98 is included in the $40,360 56, hereinbefore shown to have been paid.
It is not insisted by the defendants that the receipt of Bled-soe concludes the claimant; nor indeed can it be, for it is shown in the record that Bledsoe had no authority to receipt for an amount except that which he actually received, and no authority whatever was given him to settle and adjust the accounts between the parties, which appear to have been in dispute.
Besides, it is shown that DeWolf, the quartermaster, after-wards and repeatedly admitted that the receipt executed for the $12,680 98 did not cover the amount due the claimant.
The whole case is matter of account, and subject to a simple mathematical reduction.
Treating it as resting on the original contract, and the whole transaction as open to review in this investigation, it appears from the proof that the claimant delivered, according to his undertaking, 1,379£ tons of hay, which at $33 50 per ton *526 amounts to $46,213 25, which, when reduced' by the amount received — $40,360 56 — leaves $5,852 69 still due.
The straw mentioned in the record and claimed by the plaintiff is not included in the contract, nor does it appear to be satisfactorily proven, and consequently we make no allowance for it.
Judgment will be entered for $5,852 69.